WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clifford E. Earixson,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Deputy Warden S. Walker, et. al.,<br><br>　　　　Respondents. | No. Civ. 02-2543-PCT-ROS (VAM)<br><br>**ORDER** |

Pending before the Court is Petitioner's renewed "Motion to Amend or Supplement his Original Petition for Writ of Habeas Corpus." (Doc. 63). The Court now denies Petitioner's motion.

On May 19, 2005, Petitioner filed a motion to stay the underlying habeas corpus action in order to exhaust several state law claims that were not included in his original petition. (Doc. 53). Petitioner's motion was granted on December 13, 2005. (Doc. 56).

On July 3, 2006, Petitioner returned to this Court and moved to file an amended or supplemental petition for writ of habeas corpus. (Doc. 57). Petitioner's motion was denied without prejudice for failure to comply with Rule 15.1 of the Local

1  Rules of Practice of the United States District Court for the
2  District of Arizona, L.R. Civ. 15.1(a)(1), (2). (Doc. 59).
3      Petitioner filed a second motion to amend or supplement his
4  petition for writ of habeas corpus, together with a copy of
5  his original petition, on August 7, 2006. (Docs. 60, 61).
6  The Court denied Petitioner's renewed motion without
7  prejudice, explaining in detail what Petitioner is required to
8  do in order to file a proper motion to amend. (Doc. 62). The
9  Court granted Petitioner until September 22, 2006, to file a
10 proper motion and to lodge a proper proposed amended pleading.
11 (Id.). The Court advised Petitioner that it would proceed
12 with disposition of the case if no proper motion was filed
13 within the allowable time frame. (Id.). The present motion
14 to amend was received on September 22, 2006. (Doc. 63).
15     Petitioner has again failed to comply with Rule 15.1. As
16 this Court has already explained to Petitioner, Local Rule
17 15.1 sets forth the requirements for filing a motion to amend.
18 The Court has repeatedly advised Petitioner:

> Local Rule 15.1(a)(1) requires that any motion to amend a pleading, such as a habeas petition, attach "a copy of the proposed amended pleading as an exhibit to the motion, which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." In addition, Local Rule 15.1(a)(2) directs that petitioner also "lodge with the Clerk of Court an original of the proposed amended pleading. The original must not be physically attached or made an exhibit to a motion to amend ... and must contain the original signature of the attorney or unrepresented party ..." Finally, the amended pleading "is not to incorporate by reference any part of the preceding pleading."

(Doc. 59 at 1, Doc. 62 at 2). Notwithstanding this admonition, Petitioner filed a motion to amend which is

a narrative statement raising several new claims. Petitioner did not reiterate his original claims or assert his new claims by adding bracketed language to an amended petition. Nor did Petitioner lodge a proposed amended pleading with the Clerk of the Court. Petitioner instead stated, "there will be no striking through or underlining of text in this amended petition, as all claims are 'new' and completely different than the original petition." (Doc. 63 at 2). Therefore, Petitioner has no proposed pleading before the Court, but only a narrative motion to amend. The Court cannot determine Petitioner's intentions or address a nonexistent amended/supplemental petition.

Petitioner asks this Court to accept his amended petition despite his failure to comply with the Local Rules on grounds that he is proceeding pro se. Although Petitioner correctly observes that motions filed by pro se litigants are liberally construed, see e.g., United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000), pro se litigants are nonetheless bound by the rules of procedure. See, e.g., Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)(dismissal was appropriate where pro se litigant failed to comply with local rules); Boyd v. Thompson, 147 F.3d 1124, 1126 -27 (9th Cir. 1998)(pro se petitioner may be held accountable for failure to timely pursue state remedies); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy does not excuse failure to pursue appropriate remedies).

Petitioner has had ample opportunity to file a proper motion to amend or supplement his habeas petition, but has not done so. Additionally, Petitioner was adequately warned that the Court would proceed with the disposition of his case if he failed to comply with the Local Rules by September 22, 2006. Accordingly, Petitioner's motion will be denied with prejudice, and the Court will move forward with the disposition of Petitioner's case.

**IT IS THEREFORE ORDERED denying** Petitioner's "Motion to Amend or Supplement his Original Petition for Writ of Habeas Corpus" (Doc. 63) with prejudice.

DATED this 4th day of December, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge