1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8
9   Clifford E. Earixson,                )     No. CV-02-2543-PHX-ROS
                                         )
10              Petitioner,              )     **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Deputy Warden S. Walker, et al.,     )
13                                       )
                Respondents.             )
14                                       )
                                         )
    _____ )
15
16
17          On December 5, 2006, Magistrate Judge Virginia Mathis issued a Report and
18  Recommendation ("R&R). (Doc. 65) Petitioner filed objections to the R&R. (Doc. 70) For
19  the following reasons, the Court will adopt the R&R and dismiss the petition.
    **I. Background**
20
21          On August 6, 2004, the Magistrate Judge issued a R&R recommending that the
22  petition for writ of habeas corpus be granted.  On March 25, 2005, the Court adopted that
23  R&R in part.  (Doc. 49) The Court adopted the Magistrate Judge's conclusions on certain
24  grounds, but rejected the recommendation that the petition be granted.  The case was referred
25  back to the Magistrate Judge for a supplemental R&R.  On May 2, 2005, the Magistrate
26  Judge issued a supplemental R&R recommending the petition be denied in full.  Petitioner
27  did not file any objections to the supplemental R&R.  Instead, Petitioner sought a stay to
28

1    allow him to exhaust state remedies on claims not contained in his original habeas petition.

2    (Doc. 56)   The stay was granted.   (Doc. 56)

3          After exhausting his state remedies, Petitioner sought leave to amend his complaint

4    to include the new claims.   (Doc. 57)   The Magistrate Judge denied the motion to file an

5    amended petition because Petitioner had not complied with the rules of procedure.   (Doc. 59)

6    Petitioner filed another motion to amend, which was also denied based on the failure to

7    comply with the rules of procedure.   (Doc. 60, 62)   Petitioner filed a third motion to amend,

8    which suffered from the same flaws as his previous motions.   (Doc. 63)   The Magistrate

9    Judge denied with prejudice the third motion to amend.   (Doc. 64)   The Magistrate Judge

10   then issued another R&R, referring the Court to the May 2005 supplemental R&R for the

11   analysis of Petitioner's remaining claims.   Petitioner filed objections to the latest R&R, but

12   the objections are aimed at the Magistrate Judge's refusal to grant the motions to amend.[1]

13   Petitioner made no objection on the legal or factual issues addressed in the May 2005 R&R.

14   **II. Analysis**

15         The Court "may accept, reject, or modify, in whole or in part, the findings or

16   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).   It is "clear that the

17   district judge must review the magistrate judge's findings and recommendations *de novo if*

18   *objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121

19   (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219,

20   1126 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of

21   factual and legal issues is required if objections are made, 'but not otherwise.'").   District

22

23

24         [1] Petitioner was confused about the proper method for filing an amended complaint.
     The Magistrate Judge sent Petitioner a copy of the Local Rule setting forth the requirements
25   for amended pleadings and gave him three chances to submit an amended pleading.
     Petitioner never submitted a pleading in compliance with the rules of procedure.   According
26   to the Supreme Court, "[d]istrict judges have no obligation to act as counsel or paralegal to
     *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004).   In fact, providing legal advice
27   to Petitioner "would undermine [the Court's] role as impartial decisionmaker[]." Id.

28

courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

Petitioner's objections are aimed at the Magistrate Judge's order denying him leave to amend his petition.  Because Petitioner made no objection to the Magistrate Judge's factual or legal conclusions regarding the resolution of his claims, the R&R will be adopted in full and the petition will be denied.

Accordingly,

**IT IS ORDERED** the May 2, 2005 Report and Recommendation is **ADOPTED** and the Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

DATED this 5th day of March, 2007.

Roslyn O. Silver
United States District Judge